**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| The Lending Company, Inc., an Arizona corporation,<br><br>          Plaintiff/Counterdefendant,<br><br>vs.<br><br>John Craythorn, an individual,<br><br>          Defendant/Counterclaimant. | No. CV 12-01205-PHX-NVW<br><br>**ORDER** |
| John Craythorn, an individual,<br><br>          Third-Party Plaintiff,<br><br>vs.<br><br>Mark Nickel and Jane Doe Nickel, Dave Johnson and Jane Doe Johnson, and R.J. Reynolds and Jane Doe Reynolds,<br><br>         Third-Party Defendants. | |

Before the Court is The Lending Company's Motion to Remand to State Court for Lack of Jurisdiction (Doc. 18), The Lending Company's Rule 12(B)(1) Motion to Dismiss Counterclaim for Lack of Subject Matter Jurisdiction (Doc. 21), and Craythorn's Motion for Leave to Amend Craythorn's First Amended Verified Answer and Counterclaim (Doc. 23).

The Lending Company's motions assert that Craythorn was actually a citizen of Arizona at the time The Lending Company filed this action and that there is accordingly

no diversity jurisdiction over this matter (Docs. 18, 21).  The Lending Company makes this assertion based on a statement in Craythorn's Answer that "Prior to leaving Arizona, Craythorn informed TLC's lenders and various state and federal regulatory entities of his skepticism regarding TLC's business practices. (April 21, 2012 Letter from Craythorn to Lenders/Agencies, attached hereto as "Exhibit 2")" (Doc. 4 at 16).

Craythorn seeks leave to file an amended Answer to delete the reference to "prior to leaving Arizona[,]" which he states is a "factual inaccuracy."  (Doc. 22.)  Craythorn states that as of April 20, 2012, he was domiciled in Texas.  The only opposition to Craythorn's motion to amend is that he had not attached a red-lined version of the proposed amended pleading as required by LRCiv 15.1 (Doc. 25).  However, Craythorn attached the proposed pleading to his reply (Doc. 26).  The Court will therefore grant Craythorn's motion to amend.

The Lending Company's motion to dismiss is duplicative of its motion to remand and will accordingly be dismissed.  In light of Craythorn's amended answer which omits the "prior to Arizona" reference on which The Lending Company based its motion to remand, The Lending Company shall either withdraw its motion to remand or reply to the arguments raised and evidence presented in Craythorn's response to the motion to remand by August 6, 2012.  If The Lending Company elects to file a reply, Craythorn is hereby given leave to file a surreply to that response by August 13, 2012.

IT IS ORDERED that Craythorn's Motion for Leave to Amend Craythorn's First Amended Verified Answer and Counterclaim (Doc. 23) is granted.

IT IS FURTHER ORDERED that The Lending Company's Rule 12(B)(1) Motion to Dismiss Counterclaim for Lack of Subject Matter Jurisdiction (Doc. 21) is denied without prejudice to the determination on the merits of the jurisdictional issue on the motion to remand.

IT IS FURTHER ORDERED that, by August 6, 2012, The Lending Company either withdraw its Motion to Remand to State Court for Lack of Jurisdiction (Doc. 18) or file a reply to the arguments and evidence presented in support of diversity jurisdiction

raised in Craythorn's response to The Lending Company's motion to remand (Doc. 23). If The Lending Company elects to file a reply, Craythorn is given leave to file a surreply by August 13, 2012.

Dated this 26th day of July, 2012.

_____
Neil V. Wake
United States District Judge