**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| The Lending Company, Inc., an Arizona corporation,<br><br>          Plaintiff/Counterdefendant,<br><br>vs.<br><br>John Craythorn, an individual,<br><br>          Defendant/Counterclaimant. | No. CV 12-01205-PHX-NVW<br><br>**ORDER** |
| John Craythorn, an individual,<br><br>          Third-Party Plaintiff,<br><br>vs.<br><br>Mark Nickel and Jane Doe Nickel, Dave Johnson and Jane Doe Johnson, and R.J. Reynolds and Jane Doe Reynolds,<br><br>          Third-Party Defendants. | |

Before the Court is Lending Company's Motion to Remand to State Court for Lack of Jurisdiction (Doc. 18) and third-party defendants Nickel, Johnson, and Reynolds's Motion to Dismiss Third-Party Complaint (Doc. 24).

**I.    BACKGROUND**

Lending Company originally filed this action in Maricopa County Superior Court on April 20, 2012 (Doc. 1-1). Craythorn removed the case on June 6, 2012 on the basis of diversity jurisdiction (Doc. 1). Craythorn stated that removal was proper because the

amount in controversy exceeds $75,000 and there is complete diversity of citizenship since Lending Company is a citizen of Arizona and Craythorn is a citizen of Texas (*Id.*). Lending Company filed a motion to remand and a motion to dismiss based on lack of subject matter jurisdiction, asserting Craythorn was actually a citizen of Arizona at the time Lending Company filed this action and that there is accordingly no diversity jurisdiction (Docs. 18, 21). This Court allowed Craythorn to file an amended answer on July 26, 2012 to correct a "factual inaccuracy" related to Craythorn's citizenship (Doc. 27). The Court also allowed Lending Company to file a reply to its motion to remand, which it filed on August 6, 2012 (Doc. 30). Craythorn filed his surreply on August 9, 2012 (Doc. 32).

**II.   LEGAL STANDARD**

A person is a citizen of the state in which he is domiciled. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). While residency is a factor in determining a person's citizenship for diversity jurisdiction purposes, the fact that a person is residing in a given state does not necessarily mean he is domiciled there. *See id.* (citing *Weible v. United States*, 244 F.2d 158, 163 (9th Cir. 1957) ("Residence is physical, whereas domicile is generally a compound of physical presence plus an intention to make a certain definite place one's permanent abode, though, to be sure, domicile often hangs on the slender thread of intent alone, as for instance where one is a wanderer over the earth. Residence is not an immutable condition of domicile.")). "A person's domicile is [his] permanent home, where [he] resides with the intention to remain or to which she intends to return." *Id.* (citing *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986)).

When there is a dispute about citizenship based on a person's recent change in domicile, "additional principles of law apply." *Rice v. Thomas*, 64 Fed. Appx. 628, 628 (9th Cir. 2003).

> First, a change of domicile requires more than physical presence at the new location, it also requires evidence of an

> intent to remain there indefinitely. *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986). Second, a person's old domicile is not lost until a new one is acquired. *Barber v. Varleta*, 199 F.2d 419, 423 (9th Cir.1952); *see also* Restatement (Second) of Conflicts §§ 18-20 (1971). Derived from this general rule is the presumption in favor of an established domicile over one newly acquired. *Id.*

Nonetheless, a person's domicile "may be changed by being physically present in the new jurisdiction with the intent to remain there." *Gaudin v. Remis*, 379 F.3d 631, 636-37 (9th Cir. 2004) (citing *Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989); *Kanter*, 265 F.3d at 857). In order to determine whether the requisite "intent to remain" is present, the Court considers such factors as "current residence; voting registration and practices; location of personal and real property; location of brokerage and bank accounts; location of spouse and family; membership in unions and other organizations; place of employment or business; driver's license and automobile registration; and payment of taxes." *Kyung Park v. Holder*, 572 F.3d 619, 624-25 (9th Cir. 2009) (citing *Lew*, 797 F.2d at 750).

### III.  ANALYSIS

Craythorn asserts that he was domiciled in Texas on April 20, 2012. In support of that assertion, Craythorn submits that he had (1) obtained a job in Texas with Georgetown Mortgage, LLC, on March 28, 2012; (2) terminated utility service at his Arizona residence on April 14, 2012; (3) arranged for storage with U-Haul on April 3, 2012 and moved his furniture to storage on April 9, 2012; (4) effective April 12, 2012, forwarded his mail to his parents' home in Scottsdale, Arizona; and (5) reserved several weeks' accommodations in Texas at Candlewood Suites on April 13, 2012 (Doc. 22).

The evidence submitted supports the conclusion that Craythorn was attempting to find a permanent rental property in Texas, but that he had not yet established a permanent residence there on April 20, 2012. To establish a new domicile, Craythorn must have "established a 'fixed habitation or abode in a particular place['.]" *Lew*, 797 F. 2d at 749 (quoting *Owens v. Huntling*, 115 F.2d 160, 162 (9th Cir. 1940)). He had not established a

1  fixed habitation or abode in Texas as of April 20, 2012. While Craythorn had taken
2  significant steps toward changing his domicile, he has only shown a likely intention to
3  remain in Texas; he has not established that he had a new permanent home in Texas at
4  the time this action was filed sufficient to effectuate a change in domicile. *See id.* at 749-
5  51 (noting party asserting diversity jurisdiction bears the burden of proving diversity of
6  citizenship and that there is a presumption in favor of an established domicile over a
7  newly acquired one).

8  Because Craythorn has not established that he was not still domiciled in and a
9  citizen of Arizona at the time this action was filed, there is no diversity jurisdiction over
10 this matter. *See Strotek Corp. v. Air Transport Ass'n of Am.*, 300 F.3d 1129, 1131 (9th
11 Cir. 2002) (noting diversity of citizenship for federal removal jurisdiction "is determined
12 (and must exist) as of the time the complaint is filed and removal is effected").
13 Accordingly, Plaintiff's motion to remand will be granted.

14 IT IS THEREFORE ORDERED that Plaintiff's Motion to Remand to State Court
15 for Lack of Jurisdiction (Doc. 18) is granted. The Clerk shall remand this action to
16 Maricopa County Superior Court.

17 Dated this 20th day of August, 2012.

_____
Neil V. Wake
United States District Judge

- 4 -